# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 17, 2021

```
* * * * * * * * * * * * *
SHAWN STEIGER,              *    No. 19-775V
                            *    Special Master Sanders
           Petitioner,      *
                            *
v.                          *    UNPUBLISHED
                            *
SECRETARY OF HEALTH         *    Attorneys' Fees and Costs
AND HUMAN SERVICES,         *
                            *
           Respondent.      *
* * * * * * * * * * * * *
```

Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for Petitioner;
Ronalda E. Kosh, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 24, 2019, Shawn Steiger ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the tetanus-diphtheria-acellular-pertussis vaccine he received on June 23, 2018, caused him to suffer Guillain-Barré syndrome and/or other neurologic and physical impairments and other injuries. *See* Pet. at 1, ECF No. 1. On March 26, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 31).

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 11, 2021, Petitioner filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 36). Petitioner requests total attorneys' fees and costs in the amount of $39,645.45, representing $36,843.80 in attorneys' fees and $2,801.65 in attorneys' costs. Fees App. at 10. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 3. Respondent responded to the motion on June 25, 2021, stating that Respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (ECF No. 37). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests ... Vaccine program

special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a.  Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3]

Petitioner requests the following rates for his counsel: for Mr. Michael McLaren, $464.00 per hour for work performed in 2019, and $484.00 per hour for work performed in 2020 and 2021; and for Mr. Chris Webb, $338.00 per hour for work performed in 2019, $351.00 per hour for work performed in 2020, and $364.00 per hour for work performed in 2021. The undersigned finds these rates to be reasonable and consistent with what these Black McLaren et al. attorneys have previously been awarded for their vaccine program work and shall award them herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds that a reduction to the hours billed is necessary. A minor issue is that both counsel and a firm paralegal have billed for review of routine court filings, leading to excessive time being billed for their review. Upon review, a reasonable reduction for this issue is $400.00. A larger issue relates to counsel traveling from Memphis to Boise for a meeting with petitioner, which requires further discussion.

In order to facilitate a 3.5 hour meeting, the billing records indicate that Petitioner's counsel, Mr. Chris Webb, incurred over thirty hours of travel, traveling from Memphis to Los Angeles, staying overnight in Los Angeles, then traveling from Los Angeles to Salt Lake City and from Salt Lake City, to Boise (with the same itinerary to go back to Memphis). In sum, $5,239.00 in fees was billed on this travel (with an additional $2,002.88 in costs). The question at bar then is whether a client would consent to paying over $7,000.00 to merely facilitate a meeting. Put another way, nearly twenty percent of the total bill has been expended on work and expenses not strictly necessary to settling petitioner's claim.

Petitioner argues this meeting with counsel "was absolutely necessary to the efforts to represent this Petitioner." Fees App. at 3. The undersigned appreciates the benefits that meeting with a client in person can have in a case. In many cases, such as prolonged matters where

---

[3] The Fee Schedules are available at http://www.uscfc.uscourts.gov/node/2914.

entitlement is contested, an in-person meeting with the client may be necessary. The instant case, however, does not appear to be a case where an in-person meeting was required. Petitioner's claim of GBS from the Tdap vaccine is not uncommon in the Vaccine Program. Petitioner's medical records were filed in a timely manner after the petition was filed, and once Respondent had a chance to fully review the claim, the matter progressed straight to settlement discussions – at no point did Respondent argue against compensation in this case. The settlement discussions also were not prolonged, nor was any intervention on the part of the undersigned necessary.

The timing of the client visit also casts doubts as to its necessary. Per the billing records, the meeting took place on August 2, 2019, after the petition had been filed but before Respondent indicated that he would be amenable to settlement. Though phone calls and e-mails, counsel was able to establish enough of a rapport with his client to file the petition and get the information necessary to file an affidavit from Petitioner. It is unclear why after that, a meeting to "go over case and all questions [the client] has at this time" was necessary to conduct in person and not telephonically. Petitioner's claim that the meeting was absolutely necessary is also in contrast to the undersigned's experience in overseeing Vaccine Program cases and reviewing their fees motions. The majority of Vaccine Program cases do not have in-person meetings between counsel and petitioner, particularly those which are less complicated as the instant case was.

At bottom, the undersigned must determine whether an in-person meeting in the case was necessary and reasonable. The facts and posture of this case lead the undersigned to answer that inquiry in the negative. After counsel was able to advance the case as far as he did by telephone and e-mail, it is unclear what necessitated an in-person meeting thereafter. Furthermore, the undersigned doubts whether a paying client (as opposed to the vaccine trust fund) would consent to over $7,000.00 in fees and costs being incurred merely to facilitate such a meeting.[4] *Riggins v. Sec'y of Health & Human Servs.*, No. 99–382V, 2009 WL 3319818, at *12 (Fed. Cl. Spec. Mstr. June 15, 2009) (setting forth the paying client test), mot. for rev. denied (Fed. Cl. Dec. 10, 2009), *aff'd*, 406 Fed. App'x 479 (Fed. Cir. 2011); see also *Sabella*, 86 Fed. Cl. 201 at 222 (ruling the special master was not arbitrary in awarding no compensation for unnecessary work).

Accordingly, for the aforementioned reasons, the undersigned is reducing the final award of attorneys' fees by $5,639.00. Petitioner is therefore awarded $31,204.80 in attorneys' fees.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,801.65 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and travel costs for the meeting with Petitioner. As determined above, the in-

---

[4] The undersigned also notes that the McLaren firm has previously had attorneys' fees and costs reduced for what has been deemed unnecessary travel by the undersigned and other special masters. *See Parker v. Sec'y of Health & Human Servs.*, No. 14-979V, 2020 WL 1304182, at *3 (Fed. Cl. Spec. Mstr. Feb. 7, 2020); *Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at *3 (Fed. Cl. Spec. Mstr. Jun. 20, 2018). Although those cases involved travel to meet with an expert and not the petitioner, this speaks to perhaps a larger firm-wide issue of booking travel too liberally due to the costs being incurred by the Vaccine Program and not the client.

person meeting was unreasonable and therefore the associated costs for that meeting are also unreasonable. This results in a reduction of $2,002.88. The remaining costs are reasonable and supported with documentation. Petitioner is therefore awarded final costs of $798.77.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $36,843.80 |
|---|---|
| (Reduction to Fees) | - ($5,639.00) |
| **Total Attorneys' Fees Awarded** | **$31,204.80** |
| | |
| Attorneys' Costs Requested | $2,801.65 |
| (Reduction of Costs) | - ($2,002.88) |
| **Total Attorneys' Costs Awarded** | **$798.77** |
| | |
| **Total Attorneys' Fees and Costs** | **$32,003.57** |

**Accordingly, the undersigned awards a lump sum in the amount of $32,003.57, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Mr. Michael McLaren.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.